KATE M. CROSS *vs.* JOHN BARTON PAYNE, Director General of Railroads.

PLEADING—SPECIAL DEMURRER NECESSARY TO ATTACK WANT OF PARTICULARITY IN DECLARATION.

A general demurrer goes to the sufficiency of the pleading, without disclosing the nature of the objection, and is sufficient when the objection is to matter of substance in the pleading; but the lack or want of sufficient particularity in the pleading attacked is not a matter of substance, and cannot be raised by general demurrer, but only by a special demurrer, showing specifically the grounds relied on.

(*December* 10, 1920)

BOYCE and RICE, J. J. sitting.

*Charles C. Keedy* for plaintiff.

*H. H. Ward, Jr.,* (of Ward, Gray and Neary) for defendant.

Superior Court for New Castle County, November Term, 1920.

SUMS. CASE, No. 137, September Term, 1920.

Action by Kate N. Cross against John Barton Payne, Director General of Railroads, for the recovery of damages for personal injuries. On general demurrer to the declaration. Demurrer overruled.

The declaration contains but one count, and alleges substantially that a portion of the roadbed, tracks, right of way and facilities of the Pennsylvania Railroad Company crosses at an angle a street in Wilmington, and the sidewalk along the north side of said street, known as East Fourth street, at the intersection of said street with Church street, thus forming a railroad street crossing, and that it was the duty of the railroad company to use due care to keep and maintain the surface of the portion of the railroad street crossing, and any part of it over which pedestrians had been and were still allowed, permitted, and invited by the railroad company to walk, in a state and condition which would permit safe travel and passage thereon by pedestrians when crossing the same, and that the railroad company carelessly and negligently allowed and permitted the surface of said crossing at said place, and more particularly the surface of one of the boards or planks near and in juxtaposition to the rail of one of the company's tracks, extending over said crossing, said board or plant forming part of structure thereof, to be and become in such a slippery condition and so insecure to a proper foothold thereon as to render the same unsafe and dangerous to travel and passage thereon by pedestrians crossing the same, and that while the crossing was in such a condition, the plaintiff crossed the crossing, slipped on the plank and was injured, etc.

PER CURIAM.    The defendant has filed a general demurrer to the one count contained in plaintiff's declaration, and the objection urged is that the count is too general.    A general demurrer goes to the sufficiency of the opposing pleading without disclosing the nature of the objection, and is sufficient when the objection is to matter of substance in the pleading.    The objection by the defendant urged is not based upon want of sufficiency in substance, but upon a lack or want of sufficient particularity in the count. Where the sufficiency of particularity of a count in a declaration is questioned, a special demurrer should be employed showing specifically the particular grounds relied on.

The demurrer is overruled.